Good afternoon, Your Honors. May it please the Court, my name is Jaime Hawkins, and I represent the petitioner, Mr. Juan Rodriguez, and the U.S. citizen minor child, Mr. Eric Rodriguez. This case has come before the Court by way of a denial of a Havis petition from the U.S. District Court. The petitioner has sought review of the cancellation or removal application that was denied by an immigration judge. The Board of Immigration Appeals subsequently affirmed the decision without an opinion, and that brings us to our first point. Pursuant to Local Rule 28J, I submitted an additional citation to the Court as well as the opposing counsel this afternoon. That case is in reference, the additional citation is in reference to a case that this Court held just recently in Lanza v. Ashcroft. In Lanza v. Ashcroft, the Court held that when there are multiple grounds of dismissal on an application for relief, and those grounds for dismissal of the application for relief involve both, excuse me, allow the court of appeals or federal courts to have jurisdiction over some issues but not over others. The due process requires that the case be remanded back to the Board of Immigration Appeals for clarification of the issues in which allow them to dismiss the application in general or the appeal. In this case, that is exactly what has happened. The application relief cancellation rule was denied by the immigration judge on various grounds, both physical presence, good moral character, as well as the hardship requirement. The courts, as recently as Romero-Torres, has indicated that, of course, the court lacks jurisdiction over the hardship requirement over discretionary issues. That, however, is not the case regarding physical presence or good moral character when it's a per se bar. In this case, the immigration judge determined that the applicant, Mr. Rodriguez, was denied or, excuse me, failed to be a person of good moral character per se as he assisted his wife in coming to the United States illegally. In this case, the Board of Immigration Appeals affirmed the decision without an opinion, meaning essentially that the board may have agreed with the petitioner on one point or two points. We just don't know. The board could have indicated an affirmance with the immigration judge on the physical presence and thought it is harmless error to then discuss good moral character as well as the hardship determination. At this point, we simply don't know the issues that the board discussed in its entirety. Is it your argument that the BIA should not summarily affirm where more than one issue is raised? What the court decided, what the Ninth Circuit decided in Lanza and also making reference to Facon Cariche was essentially that the streamlining decision of the BIA is not unconstitutional per se. However, it creates certain risks when the immigration judge makes various multiple grounds of denials, some of which are subject to review and others are not. This court determined that when the board accepts that risk and decides ultimately to affirm the decision without an opinion, the matter, due process requires that the matter be remanded for simple clarification as to what the issues were that led to the board's decision. In the practical effect of accepting your argument, is narrowing, if not overruling, Facon Cariche? No. What essentially the Ninth Circuit did was, in its holding of Lanza, actually cited a concern that was expressed in Facon Cariche. In Facon Cariche, the court essentially developed certain scenarios in which the Board of Immigration Appeals could ultimately dismiss a case and yet prevent the petitioner from seeking judicial review because of an unknown determination as to whether or not that key factor that the board decided ultimately was subject to judicial review or not. A matter that is currently not subject to review by the Board of Immigration Appeals is the denial of the minor child's motion to intervene. The motion to intervene was denied by the district court under two different grounds, both by permission as well as by right. The district court determined essentially under the theory that the interests of the minor child and that of the petitioner were identical. In fact, that was the key word that the district court used. The interests were identical in that the petitioner and the minor child have the same interests of seeing that the petitioner, the father, remain here in the United States. We don't contest that there is a similar, if not an identical, interest between the petitioner and the minor child. However, that misses the point regarding the motion to intervene and mischaracterizes the interests that were being asserted by the minor child. The minor child is not simply arguing, please let my father stay here. He is asserting independent grounds of rights as enunciated by Congress. In fact, the minor child specifically referenced the White House, excuse me, the White House Conference on Children, Youth, and Family Act, as well as other international treaties such as the Covenant on Rights of the Child and the International Covenant on Civil Political Rights. But more specifically in reference to the congressional enactment as found in Title 42 U.S. Code Sections 12371 through 12377, those are specific and a specific, excuse me, a specific act which provides that the minor child is deserving of certain rights. And those rights are not considered in the context of the immigration proceedings. In fact, the immigration proceedings, of course, do not allow the minor child to become a party. The minor child does not have an opportunity to present those rights independent of the analysis of the hardship requirement that is generally reviewed by the administrative judges. It is only with the federal courts that the minor child has then the opportunity under the federal rules to intervene as a matter of right or by permission to assert those independent rights. The district court, however, completely disregarded the essence behind the motion to intervene, but simply characterized the interest as being identical. They're not identical. For purposes of the motion to intervene, the minor child can only intervene in the habeas proceedings and ask that the courts consider his rights as they are interpreted in the immigration proceedings. In essence, he is asking for the administrative courts, the immigration judges and the Board of Immigration Appeals, when they determine an issue of hardship regarding exceptional, extremely unusual hardship, when they make that finding and go over their assessment, they should also consider the rights of U.S. citizen children or all children in general, because the statute doesn't actually specifically limit it to U.S. children, but children in general found here in the United States. And their rights should also be included. The assessment currently being used by the Board of Immigration Appeals has absolutely no reference to any kind of rights, specifically in reference to those found in the enactment. The district court … I would like to reserve that time. Thank you. Thank you very much for your argument. We'll hear from the government at this time. Counsel? Good afternoon. My name is Nancy Friedman for the respondents. And I'll begin by addressing the first point made by the petitioner regarding the LONZA decision. But I'd like to point out that what is before the court today is a review of a district court decision, not review of a board decision. So it's a quite different situation. And LONZA is simply not applicable. Looking at the district court decision, in the appeal of the denial of habeas, of course, this court has de novo review and should affirm the correct district court decision. The Gutierrez-Chavez decision is really dispositive of this matter. As the court held in Gutierrez, what petitioner was really doing is disagreeing here with how the agency balanced the equities. It's no different than the situation that was before the court in Gutierrez-Chavez, in that it's a discretionary determination. And that is simply what this court has said is not within the scope of habeas review. And I think that's the reason why it's not within the scope of habeas review. So looking at the Gutierrez-Chavez decision, this court must affirm the district court. What would not be a discretionary opinion in your view? Give an example. Well, looking at what the court said in Gutierrez-Chavez of what would not be a discretionary determination would be something that is not within the scope of habeas review. And that is an allegation of constitutional or statutory error, but not second-guessing the manner in which the agency exercises its discretion. In other words, it's the violation of its own rules. It perhaps could be. But in this case, that isn't even what the petitioner is saying. The petitioner is saying that the agency balanced the equities here and weighed the hardships to the qualifying relative. Exactly the same situation as the court has clearly held is a balancing of the equities. It's simply not within the scope of habeas review. Well, the whole question is a matter of continuance. Excuse me, Your Honor. Is that exclusively a matter of discretion or a matter of statutory right? You're asking about the... Continuance in order to obtain more medical evidence regarding the son's nosebleed. Oh, this court has held numerous times that, you know, it's within the discretion of the immigration judge to deny a continuance to submit further evidence. Well, I think the question is... Does discretion also include humanity, justification, sensitivity to human beings? Isn't that included in the word discretion? Discretion is a judgment. And that's what the immigration judges are there to, you know, exercise. I guess the question is that accepting the notion that if the I.J. had a full plate of information before him or her and said, I've got all the evidence in front of me and I decide, hey, it's one thing to review that. But where there's a suggestion that that plate's not full, that the full course of information is not available to the I.J. after a request to continue and present further information, is that the same thing in the government's view? Is that the same thing as a discretionary determination? Is that your question? Yeah, absolutely. It's absolutely a discretionary determination. Because at some point after proceedings have gone on a certain length of time and they have had counsel with them with ample opportunity to present all the evidence before them, then it's up to the immigration judge to decide. The discretion, I understand it's not in this case, but the discretion could include, for example, an I.J. telling a petitioner, I've read your written application, it's thorough, it's complete, it has plenty of evidence. It has plenty of attachments to it. And because it's so complete, I'm not going to allow you to present any evidence to me at all. Would that be discretionary? Maybe, but that's absolutely not the case. Maybe. Right. You could conceive of a circumstance in which that would be the proposition? Well, I guess the question is, would it be fair under the circumstances? Is Petitioner given his right to due process? Was he given a fair hearing? And in this case Petitioner was. You're arguing that that did occur here? Yes, that did occur. Petitioner is now before this Court for the second time. He did appeal the Board's decision. This Court dismissed it as a discretionary determination. The Court was without jurisdiction. And now the Court is called to review the District Court's habeas decision. And, you know, they have before them a complete record of the District Court's reasoning and decision. And as the District Court said, this case is controlled by Gutierrez-Chavez. Moving on to the Petitioner's motion to intervene, the District Court was also correct in denouncing this case. It was denying the motion for intervention as of right under Rule 24A. As this Court has held, the Petitioner to intervene as a matter of right must meet certain prerequisites, which the Petitioner does not meet. So it was properly denied under Rule 24A. The interests of the Petitioner and the child here simply do not diverge. As I said, the Petitioner's motion was denied. As the Petitioner himself agrees, the interests are almost identical. And the child simply doesn't have an independent right. What the Petitioner would like the Court to do is write a different statute that states that the Court will consider the best interest of the child. The statute says that the Board will consider exceptional and extremely unusual hardship to a qualifying relative. The statute isn't based on the material that the Petitioner references that deals with other standards for reviewing. It's never in the position that minors have no rights over and above what their parents have? That minors have no rights over and above what the parents have? That's not what I'm saying. Are you saying that a minor's rights are limited to the rights that the parents have and nothing else? No, Your Honor. I'm saying that in a cancellation of removal case, what the agency is called on to consider is the standard that's delineated in the statute, which is whether there is the requisite level of hardship to a qualifying relative. Your argument is on this record their interests do not and could not diverge. That's absolutely correct, Your Honor, as the district court found. There's simply no independent right of the citizen child in the habeas petition. And unless the Court has any other questions, I'll say the district court decision was correct and should be affirmed. Thank you. Mr. Butler? Can I start you with two questions addressed to the continuance issue? Number one, is that raised in your brief to this Court? No. The motion to continue was an issue that was presented pro se to the Board of Immigration Appeals. We then continued that to the district court. Is the answer to my question no? The answer, the quick answer is no, Your Honor. Okay. Just as a quick reference to And the medical condition that the son and the father were both concerned about, the nosebleeds, what was the onset of that? I'm not aware if it developed any worse than what occurred back in 19, excuse me, back when he was in the court with the immigration judge in, excuse me, I believe it's 97. My specific question is how long before the hearing where the continuance was denied was the medical condition known to the father? I believe the record reflects that it was two years that the child had suffered from the nosebleeds. That's what the transcripts reveal. Would it be fair for, and tell me if it's not, would it be fair for someone to argue that your client had up to two years to gather the information that could have been presented at the scheduled hearing? I believe the record also reflects a matter of time. Tell me if that is a correct statement or not. I don't believe under the facts of this case. Only in that the transcripts reveal a significant amount of confusion on the part of the Petitioner to obtain certain type of medical treatment for the minor child. I believe he had a difficulty finding a specialist, and it was only until he found a specialist at the time, up in time of the hearing, that he indicated that he needed additional time to obtain the medical information. Was this the first requested continuance? The record reflects, based on the excerpts of the record, that this was his first motion for continuance, yes. With respect to opposing counsel's arguments regarding Gutierrez, I would note that Gutierrez also reveals certain exceptions to the normal lack of jurisdictional scope for review. That's for constitutional violations. Essentially, the opposing counsel has indicated that the Petitioner received a fundamentally fair hearing. So I think it's very important to just briefly go over some of the key points in which were raised by the Petitioner in which he was denied a fundamental fair hearing. One in reference to the physical presence. The immigration judge denied physical presence based on the lack of documentary concrete evidence. As this Court is well aware of, documentary evidence is not required to prove physical presence. In fact, this Court has indicated that the clear testimony of the respondent, as well as any additional witnesses, may be sufficient to prove that ground. That is exactly what occurred in this case. Witnesses were provided as well as documentary evidence. With respect to good moral character, good moral character is a determination which the judge made by, I believe my time is up. You can finish that, Your Honor. Thank you. I appreciate it. In reference to the good moral character. In a sentence or two. Thank you. What the immigration judge essentially did was create an additional charge of indemnizability. He specifically referenced Immigration and Nationality Section 212A6E, which is in reference to the alien smuggling charge. What he did was, based on his questioning and examination of the Petitioner, he then inserted an additional charge of indemnizability without providing the Petitioner with an opportunity and notice to be heard on that specific issue. Had it been raised on the notice to appear, the charging document, he would have been entitled to contest the findings of the Court, to present his own witnesses in reference to that specific regard in that issue. Thank you. Thank you, counsel, for your argument. Thank both counsel for their argument. The case just argued will be submitted for decision, and we will turn to the case of Kahn against Ashcroft. If counsel are present, if they'd come forward, please.
judges: Ferguson, Noonan, Hawkins